WALTER ARTHUR SHED, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Shed v. Commissioner
Docket No. 6449-79.
United States Tax Court
T.C. Memo 1980-384; 1980 Tax Ct. Memo LEXIS 194; 40 T.C.M. (CCH) 1233; T.C.M. (RIA) 80384; September 16, 1980, Filed Walter Arthur Shed, pro se. Linda L. Wong, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined a deficiency of $10,592.90 in petitioner's Federal income tax 1975 and additions to tax for 1975 of $505.64 and $529.65 under sections 6651(a) [1] and 6653(a), respectively. Due to concessions, the only issues remaining for decision are whether respondent correctly determined petitioner's taxable income for 1975 and whether petitioner is liable for any section 6653(a) addition to tax. FINDINGS OF FACT Petitioner resided in Pampa, Tex., at the time of filing his petition herein. Walter Arthur Shed (hereinafter petitioner) was a builder. In 1975, petitioner received *195 $36,750 from the sale of a new house in Abilene, Tex. Petitioner deducted $42,550 as expenses incurred in the sale of the house, of which $35,000 represented payment of a note on the house. Petitioner deducted $32,671.64 as expenses in 1973 and 1974 with regard to the same house. In his statutory notice for the year 1975, respondent disallowed $32,671.64 of petitioner's claimed business expenses, made other adjustments, and asserted sections 6651(a) and 6653(a) additions to tax. Respondent subsequently conceded the section 6651(a) addition to tax. OPINION The only issues for decision are whether respondent correctly determined petitioner's taxable income for 1975 and whether petitioner is liable for any section 6653(a) addition to tax. Respondent disallowed $32,671.64 of petitioner's claimed $42,550 deduction for expenses incurred in the sale of the house. Respondent contends that the same $32,671.64 was previously deducted in 1973 and 1974, and petitioner admitted such a deduction. The theory relied on by respondent in denying petitioner's deduction is not entirely clear. See generally Unvert v. Commissioner,72 T.C. 807 (1979), on appeal (9th Cir. *196 , Nov. 5, 1979). However, we have no evidentiary basis for determining which, if any, year is the proper year for petitioner's deduction. Petitioner's only evidence was a photocopied insurance company form which recited the house's selling price and various selling expenses. We were not enlightened as to the exact nature of the expenses deducted in 1973 and 1974 or of petitioner's rationale for his deduction in 1975. Since petitioner has the burden of proving error in respondent's determination of taxable income, Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure, and petitioner has not proved that his claimed deduction in 1975 was proper, respondent's determination must stand. As to other items in respondent's determination of petitioner's taxable income, petitioner offered no proof and, therefore, the determinations must likewise be sustained. Welch v.Helvering,supra;Rule 142(a), supra.
Turning to the section 6653(a) addition to tax for negligence or intentional disregard of rules and regulations, we find that petitioner, having presented no evidence on this issue, failed to meet *197 his burden of proof; therefore, we sustain respondent's imposition of the addition to tax. See Enoch v. Commissioner,57 T.C. 781 (1972). To reflect respondent's concessions, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩